UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY GRACE MARIE MARAGLINO,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>Defendants. | No. 1:20-cv-00826-NONE-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>(Doc. Nos. 12, 14) |

Plaintiff Dorothy Maraglino brought this civil rights *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 alleging violation of her Eighth and Fourteenth Amendment rights. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. After plaintiff's initial complaint was screened and dismissed with leave to amend pursuant 28 U.S.C. § 1915A(a) by the assigned magistrate judge, plaintiff filed the operative first amended complaint ("FAC") in September 2020. (Doc. Nos. 8, 12.) Screening the FAC, the magistrate judge again found that plaintiff still failed to state a cognizable claim for relief and recommended that this action be dismissed with prejudice. (Doc. No. 14 at 11.) Plaintiff then filed objections to the pending findings and recommendations. (Doc. No. 15.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. The court finds that the pending findings and recommendations are supported by the record and proper analysis. Plaintiff's objections fail to meaningfully address or

1

contradict the analysis set forth in the findings and recommendations.[1]

Accordingly, the court ORDERS as follows:

1. The findings and recommendations issued on October 20, 2020 (Doc. No. 14) are ADOPTED in full;
2. The first amended complaint is hereby DISMISSED prejudice; and
3. The Clerk of Court is DIRECTED to assign a district judge to this case for the purpose of closing the case, then to enter judgment and to close the case.

IT IS SO ORDERED.

Dated:  **March 1, 2021**

UNITED STATES DISTRICT JUDGE

---

[1] In her objections, plaintiff also asks the court for an evidentiary hearing to "prove" her case—though, plaintiff does not state what evidence she would present at the requested hearing. (Doc. No. 15 at 2–3.) Regardless, the magistrate judge recommended that plaintiff's case be dismissed for lack of a legally cognizable claim—*not* for lack of evidence. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'"); *Jacobellis v. State Farm Fire & Cas. Co.*, 120 F.3d 171, 172 (9th Cir. 1997) ("A dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is a ruling on a question of law . . . ."). Put differently, accepting plaintiff's allegations as true (i.e., assuming plaintiff has proven all the facts alleged), the FAC asserts no legally cognizable claim for relief. Thus, an evidentiary hearing, or a trial practically speaking, would not aid plaintiff's in prosecuting her case because she has simply asserted no cognizable claim for relief.