UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY GRACE MARIE MARAGLINO,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No.  1:20-cv-00826-KES-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR RETURN OF FILING FEE BE DENIED<br><br>(ECF No. 18) |

On March 2, 2021, the instant action filed pursuant to 42 U.S.C. § 1983 was dismissed for failure to state a claim, judgment was entered, and the case was closed. (ECF Nos. 16, 17.)

On May 8, 2020, Plaintiff filed a motion for relief from the filing fees under the Prisoner Litigation Reform Act (PLRA). (ECF No. 18.)  Plaintiff moves to modify the collection of filing fees from her inmate trust account.[1]

///

///

///

---

[1] Plaintiff has filed identical motions in two other cases filed in this Court in which she granted leave to proceed in forma pauperis.  See Maraglino v. Espinosa, No. 1:17-cv-01535 JLT BAM and Maraglino v. Espinosa, No. 1:20-cv-00825 AWI GSA.

1

Pursuant to the PLRA, a prisoner proceeding in forma pauperis is required to pay the full filing fee when bringing a civil action. See 28 U.S.C. § 1915(b)(1).  After collection of an initial filing fee, the prisoner is statutorily obligated, when funds exist, to make "monthly payments of 20 percent of the preceding month's income credited" to the prisoner's inmate trust account. Id. § 1915(b)(2). These payments are collected and forwarded by the agency having custody of the prisoner to the Clerk of the Court.

Plaintiff currently works for the California Department of Corrections and Rehabilitation at Central Valley Women's Facility.  (ECF No. 18.)  Plaintiff works four hours a day, at a rate of $0.24 cents per hour.  (Id.)  In April 2024, Plaintiff earned $100.00 for a construction job that she is no longer physically able to perform.  (Id.)  After the deductions for restitution and filing fees, Plaintiff was able to keep $10.00.  (Id.)  Plaintiff opines that it will take her approximately 30 years to pay off her debt.  Plaintiff seeks to release her debt or consolidate all of the filing fees into a single item.  (Id.)

The United States Supreme Court has held that § 1915(b)(2) "calls for 'monthly payments of 20 percent of the preceding month's income' simultaneously for each action pursued" rather than payments of 20 percent collected sequentially for each action. Bruce v. Samuels, 577 U.S. 82, 90 (2016) (emphasis added).  In Bruce, the Supreme Court expressly rejected Plaintiff's argument and approved "a per-case approach under which a prisoner would pay 20 percent of his monthly income for each case she has filed." Id. at 84 (emphasis added).  Accordingly, Plaintiff has no grounds for relief.

## III.

## RECOMMENDATION

Based on the foregoing, Plaintiff's motion for relief from the filing in this case should be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

2

1  Findings and Recommendation." Plaintiff is advised that failure to file objections within the
2  specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834,
3  838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 21, 2024**

UNITED STATES MAGISTRATE JUDGE